# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| KEELYE TOMLINSON | : | DOCKET NO. 2:05-cv-334 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| HEALTHCARE SERVICES, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Currently before the court is a "Motion for Appointment of Counsel" [doc. 3] filed by *pro se* plaintiff, Keelye Tomlinson. By this motion, the Plaintiff seeks to have the court appoint an attorney to assist her with her claim for alleged job discrimination which she brings under Title VII of the Civil Rights Act of 1964 (Title VII). Plaintiff is, with the prior approval of the court, proceeding *in forma pauperis* in this matter.

Congress has specifically authorized courts to appoint counsel for plaintiffs proceeding under Title VII of the Civil Rights Act of 1964 (Title VII). 42 U.S.C. §2000e-5(f)(1) provides, in pertinent part:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

A plaintiff has no right to automatic appointment of counsel under this provision. *Gonzalez v. Carlin*, 907 F.2d. 573 (5th Cir. 1990). "Rather, the decision whether to appoint counsel rests within the sound discretion of the trial court." *Id.* A court analyzing the merits of a request for appointed counsel should consider: (1) the merits of the plaintiff's claim, (2) plaintiff's efforts to obtain counsel on his own behalf, and (3) plaintiff's financial ability to retain counsel. *Gonzalez*,

*supra*; *Neal v. IAM Local Lodge 2386*, 722 F.2d. 247 (5th Cir. 1984); *Caston v. Sears, Roebuck, and Company*, 556 F.2d. 1305 (5th Cir. 1977). No one factor is considered conclusive. *White v. United States Pipe & Foundry Co.*, 646 F.2d. 203 (5th Cir. 1981).

The Fifth Circuit has stated that the determination of the Equal Employment Opportunity Commission (EEOC) is "highly probative" in determining whether to appoint counsel. *Gonzalez*, 907 F.2d. at 580; *Caston,* 556 F.2d. at 1309. In this case, the EEOC closed its file on the plaintiff's administrative claim because she failed to cooperate in the investigation and issued a Dismissal and Notice of Rights on January 12, 2005. The court finds that the plaintiff's failure to cooperate in the administrative proceedings weighs against the appointment of counsel in this case.

Plaintiff's motion for appointment of counsel indicates that she contacted Acadiana Legal Services and Reva Lupin regarding the issues raised in this lawsuit. Acadiana Legal Services declined to represent the plaintiff after considering her case, and Reva Lupin would not take the case without a retainer. From the information provided, it appears as if the plaintiff's attempts to obtain an attorney have been limited to finding one who will take the case without payment from her. Because any attorney providing representation to the plaintiff, including any court appointed attorney[1], will not receive compensation unless the case is successful or unless the plaintiff can pay the attorney for his or her services, the court finds that an attorney may be reluctant to take a case which he or she feels is not likely to be successful. While the court acknowledges that the plaintiff has made some effort on her own behalf to obtain an attorney, the court finds that her limited efforts do not weigh heavily in favor of appointing an attorney.

Finally, plaintiff's financial information indicates that she is currently unemployed. She states that she was last employed on January 20, 2005 at Ron Williams Construction in Sulphur,

---

[1] Although there is no provision for paying an attorney appointed to represent an indigent party, the court does note that attorney's fees may be awarded to the prevailing party in a civil action brought under the Title VII. 42 U.S.C. § 2000e-5(k).

Louisiana earning $10 an hour. She lists living expenses which total approximately $1228 per month, including a phone bill of $649, and debt totaling approximately $1200. From the financial information provided, it appears as if the plaintiff's monthly expenses currently exceed her monthly income. However, the court notes that the plaintiff has apparently remained unemployed for the last six months and that she has provided the court with no explanation of her unemployment. Thus, it is at least questionable whether Plaintiff could obtain employment and possibly arrange a payment plan with an attorney who might be willing to take her case.

After weighing plaintiff's situation in light of the three factors mandated by the Fifth Circuit, this court finds that the scales tip against the appointment of counsel at this time.

ACCORDINGLY,

IT IS ORDERED that the plaintiff's Motion for Appointment of Counsel by the court be and same hereby is DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 11th day of July, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE